IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, TO THE USE OF A&S BUILDING SYSTEMS, L.P.<br><br>Plaintiff,<br><br>v.<br><br>LUMUS CONSTRUCTION, INC., INTERNATIONAL FIDELITY INSURANCE COMPANY, and ATLAS STEEL STRUCTURES, LLC,<br><br>Defendants. | Civil Action<br>No. __________<br><br>CA 06 251 ML |

COMPLAINT

Jurisdiction and Venue

1. This Honorable Court has jurisdiction over this action pursuant to 40 U.S.C. § 270b and 28 USC § 1331.

2. Venue is proper in the District of Rhode Island pursuant to 40 U.S.C. § 270b(b) and 28 U.S.C. § 1391, as the contract which is the subject matter of this lawsuit was performed in this judicial district.

Parties

3. Plaintiff A&S Building Systems, L.P. ("A&S"), is, and was at all material times hereto, a limited partnership, organized and existing under and by virtue of the laws of the State of Texas and doing business, and having its principal place of business, in the State of Texas.

4. Defendant Lumus Construction, Inc. ("Lumus") is, and was at all material times hereto, a corporation organized and existing under and by virtue of the laws of the Commonwealth

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA, TO THE USE OF A&S BUILDING SYSTEMS, L.P.**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LUMUS CONSTRUCTION, INC., INTERNATIONAL FIDELITY INSURANCE COMPANY, and ATLAS STEEL STRUCTURES, LLC,**<br><br>**Defendants.** | **Civil Action No. ____________**<br><br>CA 06 251 ML |

**COMPLAINT**

**Jurisdiction and Venue**

1. This Honorable Court has jurisdiction over this action pursuant to 40 U.S.C. § 270b and 28 USC § 1331.

2. Venue is proper in the District of Rhode Island pursuant to 40 U.S.C. § 270b(b) and 28 U.S.C. § 1391, as the contract which is the subject matter of this lawsuit was performed in this judicial district.

**Parties**

3. Plaintiff A&S Building Systems, L.P. ("A&S"), is, and was at all material times hereto, a limited partnership, organized and existing under and by virtue of the laws of the State of Texas and doing business, and having its principal place of business, in the State of Texas.

4. Defendant Lumus Construction, Inc. ("Lumus") is, and was at all material times hereto, a corporation organized and existing under and by virtue of the laws of the Commonwealth

of Massachusetts, and doing business in the State of Rhode Island, within the jurisdiction of this Honorable Court.

5. Defendant International Fidelity Insurance Company ("International") is, and at all times herein mentioned was, a corporation organized and existing under and by virtue of the laws of the State of New Jersey, doing business in the State of Rhode Island as a corporate surety on bonds required by law or contract by the United States of America and its various agencies, within the jurisdiction of this Honorable Court.

6. Defendant Atlas Steel Structures, LLC ("Atlas") is, and at all times herein mentioned was, a limited liability company organized and existing under and by virtue of the laws of the State of Georgia, doing business in the State of Rhode Island as a sub-contractor, within the jurisdiction of this Honorable Court.

**Count I**

**Miller Act Claim**

7. In or about 2003, Lumus was awarded a contract with the United States of America, for a sum in excess of One Hundred Thousand and 00/100 Dollars ($100,000), which contract is known as and designated as:

High Bay Project
United States Navy
Route 114
Newport, Rhode Island
Government Contract: N62472-02-D-0046-0013

for the construction of certain improvements at the United States Naval Undersea Warfare Center in Newport, Rhode Island (the "Project").

8. In accordance with 40 U.S.C. § 270a and the terms of that contract, Defendant Lumus, as principal, and Defendant International, as surety, provided, executed, and delivered, with

the execution of the contract, their bond dated on or about October 6, 2003, designated as Payment Bond, to the United States of America, in the sum of Six Hundred Sixty Thousand and 00/100 Dollars ($660,000) for the use of all persons, supplying labor and material in the prosecution of the work provided for in the contract.

9. In or about September 2003, Atlas entered into a subcontract in writing with Lumus, the terms of which contract required Atlas, as a first tier subcontractor to Lumus, to supply and erect a metal building for the Project.

10. In or about November 2003, Atlas, as first tier subcontractor to Lumus, entered into a subcontract in writing with A&S, as a second tier subcontractor, the terms of which contract required A&S to furnish materials to Atlas and/or Lumus for the Project.

11. From in or about December 2004 through February 2005, A&S delivered, furnished, and sold materials to Atlas and/or Lumus for the Project and/or used in the prosecution of the work on the Project.

12. A&S invoiced Atlas in the amount of no less than Eighty Seven Thousand Three Hundred Eighty Seven and 95/100 Dollars ($87,387.95) for materials delivered to the Project.

13. Pursuant to 40 U.S.C § 270b(a), within ninety (90) days from the last day on which A&S supplied the last of the materials for which claim was made, A&S gave notice by registered mail, in writing in an envelope, postage prepaid, addressed to Lumus, at a place where it maintains an office or conducts its business, namely, 56 Cummings Park, Woburn, Massachusetts, to International, at a place where it maintains an office or conducts its business, namely, One Newark Center, 20th Floor, Newark, New Jersey, and to Atlas at a place where it maintains an office or conducts its business, namely, 1000 Peachtree Ind. Blvd., Suwanee, Georgia, which notice stated

with substantial accuracy the amount then claimed and provided the name of the party to whom the material was furnished.

14. On or about October 5, 2005, A&S received a partial payment of Forty Three Thousand Nine Hundred Seventy Two and 66/100 Dollars ($43,972.66), leaving a balance due of Sixteen Thousand Five Hundred Seventy Five and 01/100 Dollars ($16,575.01), exclusive of interest that had accumulated as of the date of said partial payment.

15. As of this date, A&S has not been paid in full for materials delivered to the Project and which benefited the Project, Atlas, and Lumus.

16. The reasonable value of the materials furnished to the Project, Atlas, and/or Lumus still unpaid is the sum of Sixteen Thousand Five Hundred Seventy Five and 01/100 Dollars ($16,575.01), exclusive of interest due and owing.

17. At all material times hereto, A&S performed and complied with each and all of the terms, conditions, and obligations of the subcontract to be performed by A&S under the subcontract.

18. Lumus has wrongfully advised International that it disputes A&S's claim, despite A&S's position that there is no legal and/or factual basis for disputing the amount due and owing to A&S.

19. A&S and International executed a Tolling Agreement on or about December 21, 2005, and an Addendum to Tolling Agreement on or about February 23, 2006, extending the time within which A&S had to file its claim against International's bond up to and including, and no earlier than, May 29, 2006.

**Count II**

**Breach of Contract- All Defendants**

20. A&S repeats, realleges, and incorporates by reference herein each and every allegation herein pleaded.

21. By virtue of the aforesaid, Lumus, as contractor and principal under the bond, breached its obligations to A&S.

22. By virtue of the aforesaid, Atlas, as first tier subcontractor, breached its obligations to A&S.

23. By virtue of the aforesaid, International, as surety, breached its obligations to A&S.

24. As a result of the aforesaid, A&S has sustained significant damages.

**Count III**

**Tortious Interference with Contractual Relations- Lumus and Atlas**

25. A&S repeats, realleges, and incorporates by reference herein each and every allegation herein pleaded.

26. A&S entered into contractual business relationships with Atlas and other parties, including, but not limited to, suppliers, with respect to the subcontract and the Project.

27. A&S expected to enter into other contractual business relationships with other individuals and/or businesses with respect to the subcontract, the Project and/or the bond, and in reliance upon its subcontract and/or the bond.

28. Lumus and Atlas knew, or should have known, of said contractual and expected contractual relationships and Lumus and Atlas knew, or should have known, that A&S would expend significant sums of money, and/or expect to gain significant sums of money, pursuant to said contracts and expected contracts.

29. By virtue of advising International of alleged issues with A&S's materials, without any basis in law and/or fact, and/or refusing to pay A&S without any basis in law and/or fact, Lumus's and Atlas's intentional actions were a direct and proximate cause of A&S's damages sustained with respect to the Project.

30. As a direct and proximate result of the interference by Lumus and Atlas, A&S suffered damages for which the interference is a factual and legal cause.

**Count IV**

**Unjust Enrichment- Lumus and Atlas**

31. A&S repeats, realleges, and incorporates by reference herein each and every allegation herein pleaded.

32. At the request of Lumus and/or Atlas, A&S furnished valuable materials to the Project, Lumus, and/or Atlas.

33. Lumus, Atlas, and A&S contemplated that A&S would be compensated by Lumus and/or Atlas for its materials delivered to the Project, Lumus, and/or Atlas.

34. Lumus and Atlas have refused, without justification in law or in fact, to compensate A&S for materials furnished, the fair value of which is no less than Sixteen Thousand Five Hundred Seventy Five and 01/100 Dollars ($16,575.01), exclusive of interest due and owing.

35. As a direct and proximate result of the failure of Lumus and Atlas to compensate A&S, A&S has suffered, and will continue to suffer, significant financial loss.

**Count V**

**Account Stated- Lumus and Atlas**

36. From in or about 2003 through in or about 2005, an account was stated between A&S, Lumus, and/or Atlas, with a varying balance, prior to the application of interest, due from Lumus and/or Atlas to A&S.

37. Only part of the account has been paid, and there is due to A&S the sum of no less than Sixteen Thousand Five Hundred Seventy Five and 01/100 Dollars ($16,575.01) prior to the application of interest.

38. A&S seeks to recover of all interest which accrued on the Forty Three Thousand Nine Hundred Seventy Two and 66/100 Dollars ($43,972.66) through the date of its payment on or about October 5, 2005, as well as all interest that continues to accrue on the remaining sums which are due and owing.

WHEREFORE, Plaintiff A&S Building Systems, L.P. respectfully requests that this Honorable Court:

a) Enter judgment in this matter in Plaintiff's favor and against Defendants on each and every count contained herein;

b) Award damages to Plaintiff, plus interest at the highest rate applicable, costs, and incidental and consequential damages, attorneys' fees and expenses; and

c) Award such other and further relief as this Court deems just and proper.

Respectfully submitted this 23rd day of May, 2006.

Plaintiff,
United States of America,
To the use and benefit of,
A&S Building Systems, L.P.
By Its Counsel,

Brian LaPlante, Esq./#5861
Christopher D. DiSano, Esq./#6788
LaPlante & Sowa, Ltd.
67 Cedar Street, Suite 102
Providence, RI 02903
TEL: 401-273-0200
FAX: 401-273-0250