IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, TO THE USE OF A&S BUILDING SYSTEMS, L.P.<br><br>Plaintiff,<br><br>v.<br><br>LUMUS CONSTRUCTION, INC., INTERNATIONAL FIDELITY INSURANCE COMPANY, and ATLAS STEEL STRUCTURES, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action<br>No. 06-251-ML |

**ANSWER AND COUNTERCLAIM OF**
**<u>DEFENDANT LUMUS CONSTRUCTION, INC.</u>**

Now comes the defendant Lumus Construction, Inc. ("Lumus") and answers defendant's Complaint as follows:

**<u>Jurisdiction and Venue</u>**

1. The allegations of paragraph 1 of plaintiff's Complaint constitute a legal conclusion to which this defendant is not required to respond.

2. The allegations of paragraph 2 of plaintiff's Complaint constitute a legal conclusion to which this defendant is not required to respond.

**<u>Parties</u>**

3. Upon information and belief, admitted.

4. Admitted.

5. Admitted.

6. Lumus is without information sufficient to form a belief as to the truth of the allegations of paragraph 6 of plaintiff's Complaint and therefore denies the same.

**Count I**
**Miller Act Claim**

7. Admitted.

8. Lumus admits that it, as principal and International as surety, provided, executed and delivered a bond dated on or about October 6, 2003 designated as payment bond to the United States of America in the sum of $660,000 and is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of plaintiff's Complaint.

9. Lumus admits that in or about September, 2003, it entered into a subcontract with Atlas to supply and erect a metal building for the project.

10. Upon information and belief, Lumus admits that Atlas entered into a contract with A&S to design and fabricate a metal building for the project and is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of plaintiff's Complaint.

11. Upon information and belief, A&S design and fabricated a metal building for the project. Lumus denies that A&S delivered, furnished or sold materials to Lumus and is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of plaintiff's Complaint.

12. Upon information and belief, Lumus admits A&S sent invoices to Atlas and is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of plaintiff's Complaint.

13. Lumus admits that it received a notice from A&S by certified mail in writing in an envelope, postage prepaid, addressed to it at its place of business stating the amount which A&S claimed to be due and provided the name of the party to whom the material was furnished. Lumus is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of plaintiff's Complaint.

14. Lumus admits that A&S was paid $43,972.66 on or about October 5, 2005 and denies the remaining allegations of paragraph 14 of plaintiff's Complaint.

15. Lumus denies the allegations of paragraph 15 of plaintiff's Complaint.

16. Lumus denies the allegations of paragraph 16 of plaintiff's Complaint.

17. Lumus denies the allegations of paragraph 17 of plaintiff's Complaint.

18. Lumus denies the allegations of paragraph 18 of plaintiff's Complaint.

19. Lumus admits the allegations of paragraph 19 of plaintiff's Complaint.

**Count II**
**Breach of Contract – All Defendants**

20. Lumus repeats, realleges and incorporates by reference herein each and every response to A&S's allegations herein pleaded.

21. Lumus denies the allegations of paragraph 21 of plaintiff's Complaint.

22. Lumus is without information sufficient to form a belief as to the truth of the allegations of paragraph 22 of plaintiff's Complaint.

23. Lumus denies the allegations of paragraph 23 of plaintiff's Complaint.

24. Lumus denies the allegations of paragraph 24 of plaintiff's Complaint.

**Count III**
**Tortious Interference with Contractual Relations – Lumus and Atlas**

25. Lumus repeats, realleges and incorporates by reference herein each and every response to A&S's allegations herein pleaded.

26. Lumus is without information sufficient to form a belief of the truth of the allegations of paragraph 26 of plaintiff's Complaint.

27. Lumus is without information sufficient to form a belief of the truth of the allegations of paragraph 27 of plaintiff's Complaint.

28. Lumus is without information sufficient to form a belief of the truth of the allegations of paragraph 28 of plaintiff's Complaint.

29. Lumus denies the allegations of paragraph 29 of plaintiff's Complaint directed against it and is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of plaintiff's Complaint.

30. Lumus denies the allegations of paragraph 30 of plaintiff's Complaint directed against it and is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30 of plaintiff's Complaint.

**Count IV**
**Unjust Enrichment – Lumus and Atlas**

31. Lumus repeats, realleges and incorporates by reference herein each and every response to A&S's allegations herein pleaded.

32. Lumus denies that it requested A&S to furnish materials to the project and is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 of plaintiff's Complaint.

33. Lumus denies the allegations of paragraph 33 of plaintiff's Complaint directed against it and is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 of plaintiff's Complaint.

34. Lumus denies the allegations of paragraph 34 of plaintiff's Complaint directed against it and is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 of plaintiff's Complaint.

35. Lumus denies the allegations of paragraph 35 of plaintiff's Complaint directed against it and is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35 of plaintiff's Complaint.

**Count V**
**Account Stated – Lumus and Atlas**

36. Lumus denies the allegations of paragraph 36 of plaintiff's Complaint directed against it and is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36 of plaintiff's Complaint.

37. Lumus denies the allegations of paragraph 37 of plaintiff's Complaint directed against it and is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37 of plaintiff's Complaint.

38. Lumus admits that A&S seeks to recover interest which it alleges is due and denies that it is entitled to recover the same against Lumus.

**Affirmative Defenses**

1. The plaintiff's claim is barred because it has already received all of the monies due and payable to it for its work.

2. The plaintiff's claim is barred because the balances claimed are offset by the amounts owed by it to the defendant.

## Counterclaim

1. Defendant/plaintiff-in-counterclaim Lumus Construction, Inc. ("Lumus") is a duly organized Massachusetts corporation. Lumus is engaged in the business of general contracting.

2. Plaintiff/defendant-in-counterclaim A&S Building Systems, L.P. ("A&S") is, upon information and belief, a Texas limited partnership. A&S is engaged in the business of designing, fabricating and supplying steel buildings.

3. Defendant Atlas Steel Structures, LLC ("Atlas"), is a Georgia limited liability company. Atlas was engaged in the business of supply and erection of modular steel buildings. Upon information and belief, Atlas was an approved installer for A&S products.

4. In or about July 2003, Lumus was awarded by the U.S. Navy a contract for the design and construction of a metal enclosed addition to the northwest end of Building 1246 on the Naval Undersea Warfare Center, Contract No. N62472-02-D-0046/0010 ("Building 1246").

5. In or about September 2003, Lumus was awarded by the U.S. Navy a contract for the design and construction of a metal enclosed "High Bay" addition to Building 119 on the Naval Undersea Warfare Center, Contract No. N62472-02-D-0046/0013 ("Building 119").

6. Subsequently, Lumus subcontracted the design, fabrication, supply and installation of Buildings 1246 and 119 to Atlas.

7. Thereafter, Atlas entered into a contract with A&S for the design, fabrication and supply of Buildings 1246 and 119.

8. A&S warranted its work against the defects in design and fabrication.

9. A&S designed and fabricated Building 1246 with defects specifically the radius panels of Building 1246 were not designed and fabricated to withstand wind loads.

10. As a result, in or about January 2005 and again in March, 2005, less than one year from the final acceptance of the Buildings, one of the radius panels, which constitute an integral structural part of Building 1246, was displaced and became detached from the building.

11. Despite repeated requests, A&S failed and refused to correct the deficiency in its work. Lumus was forced to undertake corrective work through its own forces.

12. As a result of A&S's failure to design and fabricate Building 1246 without defects and as a result of A&S's failure to honor post-warranty obligations, Lumus suffered actual damages in the amount of $16,575.01, which represent the labor and material costs of the corrective work.

WHEREFORE, defendant Lumus Construction, Inc. respectfully requests that this Honorable Court (a) dismiss plaintiff's Complaint against it; (b) grant judgment in its

favor on its counterclaim; (c) award this defendant its costs including reasonable attorney's fees and expenses; and (d) award such other and further relief as this Court deems just and proper.

LUMUS CONSTRUCTION, INC.
By its attorney,

Roger N. LeBoeuf, # 5208
HEALD & LEBOEUF, LTD.
606 Old Colony House
58 Weybosset Street
Providence, RI 02903-2817
Tel: (401) 421-1500

Dated: July 6, 2006

## CERTIFICATE OF SERVICE

I, Roger N. LeBoeuf, hereby certify that I have served a true copy of the foregoing Answer and Counterclaim of Defendant Lumus Construction, Inc. by first class mail, postage prepaid, to: Brian LaPlante, Esquire, LaPlante & Sowa, Ltd., 67 Cedar Street, Suite 102, Providence, RI 02903 this 6th day of July, 2006.

Roger N. LeBoeuf

S:\RDC\PLEADING\Answer\Lumus A&S 07 05 06.doc