IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, TO THE USE OF A&S BUILDING SYSTEMS, L.P.<br><br>Plaintiff,<br><br>v.<br><br>LUMUS CONSTRUCTION, INC., INTERNATIONAL FIDELITY INSURANCE COMPANY, and ATLAS STEEL STRUCTURES, LLC,<br><br>Defendants. | ) | Civil Action<br>No. 06-251-ML |

**ANSWER OF DEFENDANT INTERNATIONAL**
**<u>FIDELITY INSURANCE COMPANY</u>**

Now comes the defendant International Fidelity Insurance Company ("International") and answers defendant's Complaint as follows:

**<u>Jurisdiction and Venue</u>**

1. The allegations of paragraph 1 of plaintiff's Complaint constitute a legal conclusion to which this defendant is not required to respond.

2. The allegations of paragraph 2 of plaintiff's Complaint constitute a legal conclusion to which this defendant is not required to respond.

**<u>Parties</u>**

3. Upon information and belief, admitted.

4. Admitted.

5. Admitted.

6. International is without information sufficient to form a belief as to the truth of the allegations of paragraph 6 of plaintiff's Complaint and therefore denies the same.

**Count I**
**Miller Act Claim**

7. Admitted.

8. International admits that Lumus, as principal and International as surety, provided, executed and delivered a bond dated on or about October 6, 2003 designated as payment bond to the United States of America in the sum of $660,000 and is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of plaintiff's Complaint.

9. International admits that in or about September, 2003, Lumus entered into a subcontract with Atlas to supply and erect a metal building for the project.

10. Upon information and belief, International admits that Atlas entered into a contract with A&S to design and fabricate a metal building for the project and is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of plaintiff's Complaint.

11. Upon information and belief, A&S design and fabricated a metal building for the project. International denies that A&S delivered, furnished or sold materials to Lumus and is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of plaintiff's Complaint.

12. Upon information and belief, International admits A&S sent invoices to Atlas and is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of plaintiff's Complaint.

13. International admits that it received a notice from A&S by certified mail in writing in an envelope, postage prepaid, addressed to it at its place of business stating the amount which A&S claimed to be due and provided the name of the party to whom the material was furnished. International is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of plaintiff's Complaint.

14. International admits that A&S was paid $43,972.66 on or about October 5, 2005 and denies the remaining allegations of paragraph 14 of plaintiff's Complaint.

15. Upon information and belief, International denies the allegations of paragraph 15 of plaintiff's Complaint.

16. Upon information and belief, International denies the allegations of paragraph 16 of plaintiff's Complaint.

17. Upon information and belief, International denies the allegations of paragraph 17 of plaintiff's Complaint.

18. Upon information and belief, International denies the allegations of paragraph 18 of plaintiff's Complaint.

19. International admits the allegations of paragraph 19 of plaintiff's Complaint.

**Count II**
**<u>Breach of Contract – All Defendants</u>**

20. International repeats, realleges and incorporates by reference herein each and every response to A&S's allegations herein pleaded.

21. International denies the allegations of paragraph 21 of plaintiff's Complaint.

22. International is without information sufficient to form a belief as to the truth of the allegations of paragraph 22 of plaintiff's Complaint.

23. International denies the allegations of paragraph 23 of plaintiff's Complaint.

24. International denies the allegations of paragraph 24 of plaintiff's Complaint.

**Count III**
**Tortious Interference with Contractual Relations – Lumus and Atlas**

25. International repeats, realleges and incorporates by reference herein each and every response to A&S's allegations herein pleaded.

26. The allegations of paragraph 26 of Count III of plaintiff's Complaint are not directed against this defendant and no response is required.

27. The allegations of paragraph 27 of Count III of plaintiff's Complaint are not directed against this defendant and no response is required.

28. The allegations of paragraph 28 of Count III of plaintiff's Complaint are not directed against this defendant and no response is required.

29. The allegations of paragraph 29 of Count III of plaintiff's Complaint are not directed against this defendant and no response is required.

30. The allegations of paragraph 30 of Count III of plaintiff's Complaint are not directed against this defendant and no response is required.

**Count IV**
**Unjust Enrichment – Lumus and Atlas**

31. International repeats, realleges and incorporates by reference herein each and every response to A&S's allegations herein pleaded.

32. The allegations of paragraph 32 of Count IV of plaintiff's Complaint are not directed against this defendant and no response is required.

33. The allegations of paragraph 33 of Count IV of plaintiff's Complaint are not directed against this defendant and no response is required.

34. The allegations of paragraph 34 of Count IV of plaintiff's Complaint are not directed against this defendant and no response is required.

35. The allegations of paragraph 35 of Count IV of plaintiff's Complaint are not directed against this defendant and no response is required.

**Count V**
**Account Stated – Lumus and Atlas**

36. The allegations of paragraph 36 of Count V of plaintiff's Complaint are not directed against this defendant and no response is required.

37. The allegations of paragraph 37 of Count V of plaintiff's Complaint are not directed against this defendant and no response is required.

38. The allegations of paragraph 38 of Count V of plaintiff's Complaint are not directed against this defendant and no response is required.

**Affirmative Defenses**

1. The plaintiff's claim is barred because it has already received all of the monies due and payable to it for its work.

2. The plaintiff's claim is barred because the balance claimed are offset by the amounts owed by it to International's principal Lumus Construction, Inc.

WHEREFORE, defendant International Fidelity Insurance Company respectfully requests that this Honorable Court (a) dismiss plaintiff's Complaint against it; (b) award this defendant its costs including reasonable attorney's fees and expenses; and (c) award such other and further relief as this Court deem proper.

INTERNATIONAL FIDELITY INSURANCE COMPANY
By its attorney,

Roger N. LeBoeuf, # 5208
HEALD & LEBOEUF, LTD.
606 Old Colony House
58 Weybosset Street
Providence, RI 02903-2817
Tel: (401) 421-1500

Dated: July 6, 2006

**CERTIFICATE OF SERVICE**

I, Roger N. LeBoeuf, hereby certify that I have served a true copy of the foregoing Answer of Defendant International Fidelity Insurance Company by first class mail, postage prepaid, to: Brian LaPlante, Esquire, LaPlante & Sowa, Ltd., 67 Cedar Street, Suite 102, Providence, RI 02903 this 6th day of July, 2006.

Roger N. LeBoeuf

S:\RDC\PLEADING\Answer\International A&S 07 05 06.doc